**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Oliver Complot,<br><br>   Plaintiff,<br><br>v.<br><br>American Honda Finance Corporation, *et al.*,<br><br>   Defendants. | No. CV-25-02647-PHX-JJT<br><br>**ORDER** |

At issue is *pro se* Plaintiff's filing currently located at docket entry 1 (the "First Filing") (Doc. 1), Defendant American Honda Finance Corporation's ("AHFC") Motion to Dismiss (Doc. 16), Defendant MRS BPO, LLC's ("MRS") Motion to Dismiss (Doc. 23), and Defendant ACVT Motors, LLC's ("ACVT") Motion to Confirm Arbitration Award (Doc. 17). For the reasons described below, the Court will dismiss Plaintiff's First Filing for failure to comply with Federal Rules of Civil Procedure 3, 8 and 10.

The Court does not take this action lightly. A brief recitation of the procedural history thus far illuminates just how procedurally enigmatic and substantively deficient the filings are even at this early stage of the case. Plaintiff commenced this action by filing a single 100-page document entitled "Vacate the Arbitration Award (AHFC)." (Doc. 1 at 1–28.) Therein, Plaintiff included a second "Motion to Vacate Arbitration Award of Attorney Fees to ACVT Motors" (Doc. 1 at 28–48), and a third "Motion to Vacate Arbitration Award Based on Post-Award Accord and Satisfaction" (Doc. 1 at 49–53), a "Complaint Against MRS" (Doc. 1 at 53–74) and a second "Complaint Against AHFC" (Doc. 1 at 74–100).

For AHFC's part, it filed a Motion to Dismiss the "Motion to Arbitration Award (AHFC)". (Doc. 16 at 9–12.) For the first time in its reply, AHFC requested the Court dismiss the complaint against it. (Doc. 19 at 2–6.) For ACVT's part, it is unclear whether Plaintiff has made them a defendant to this action. No where in the First Filing does Plaintiff set forth a "complaint" against ACVT. The only document that has any relevance to ACVT appears to be a "Motion to Vacate Arbitration Award of Attorney Fees to ACVT Motors." (Doc. 1 at 49–53.) In response to this filing, ACVT filed a Motion to Confirm the Arbitration Award (Doc. 17), and a Response to Motion to Vacate Arbitration Award of Attorneys' Fees to ACVT Motors (Doc. 18). MRS then filed its respective Motion to Dismiss (Doc. 23), requesting dismissal of the complaint filed against it. There has been full briefing as to each of these filings, but the claims brought forth by Plaintiff are no less clear after the procedural morass created by and in response to the First Filing.

The Federal Rules of Civil Procedure do not authorize litigants to submit more than one complaint as Plaintiff has done here; in fact, they contemplate the opposite. *See* Fed. R. Civ. P. 3, 7, 15 (referring to a single pleading). Additionally, Federal Rule of Civil Procedure 8(a)(1)–(2) requires "a short and plain statement" of the grounds for the court's jurisdiction and the claims that entitle Plaintiff to relief. Here, Plaintiff files five different documents, each setting forth statements of jurisdiction and claims. At least two, potentially three,[1] of those documents purports to be a "complaint" but it is impossible to determine which one is operative.

When, as here, a complaint is so scattered, a court may dismiss the complaint for failure to satisfy Rule 8(a). *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988); *Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1059 (9th Cir. 2011) ("Rule 8(a) has been held to be violated by a pleading that was needlessly long, or a complaint that was highly repetitious, or confused, or consisted of incomprehensible rambling.") (citation and internal quotation marks omitted). While the Court must construe a pro se plaintiff's pleadings liberally, a plaintiff must still abide by the pleading requirements. *See*

---

[1] It is unclear whether Plaintiff's "Motion to Vacate Arbitration Award of Attorney Fees to ACVT Motors" acts as a pleading against ACVT.

*Brazil v. United States Dep't of the Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *Am. Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1107–08 (9th Cir. 2000) (stating "a *pro se* litigant is not excused from knowing the most basic pleading requirements"); *Carter v. Comm'r of Internal Revenue*, 784 F.2d 1006, 1008-09 (9th Cir. 1986) (stating "although *pro se*, [the plaintiff] is expected to abide by the rules of the court in which he litigates"). While Rule 8(e) requires the Court to construe pleadings as to do justice, it cannot serve as an advocate for a *pro se* litigant by attempting to decipher a complaint. *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

A plaintiff is also required to abide by the requisite form for filings found in Rule 10, which includes that each pleading be adorned with a requisite caption. Here, Plaintiff fails to include a caption on each purported complaint. (*See* Doc. 1 at 53, 74.)

The one-hundred-page First Filing fails to satisfy Rules 3, 8(a), and 10. Accordingly, the Court will dismiss the First Filing and will grant Plaintiff leave to file a singular complaint that comports with Rules 7, 8 and 10 no later than fourteen days of this Order. The Court will also dismiss Defendants' pending motions as moot.

**IT IS THEREFORE ORDERED** dismissing Plaintiff's filing titled "Vacate Arbitration Award and FDCPA, FCRA Claims" located at docket entry 1.

**IT IS FURTHER ORDERED** dismissing as moot Defendant AHFC's Motion to Dismiss (Doc. 16), Defendant MRS's Motion to Dismiss (Doc. 23), and Defendant ACVT's Motion to Confirm Arbitration Award (Doc. 17).

**IT IS FURTHER ORDERED** granting Plaintiff leave to file a complaint, if he so chooses, no later than fourteen (14) days of this Order.

**IT IS FURTHER ORDERED** directing the Clerk of Court to close this matter without further order of this Court if Plaintiff does not file a complaint no later than fourteen (14) days of this Order.

Dated this 7th day of October, 2025.

Honorable John J. Tuchi
United States District Judge