**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Oliver Complot,<br><br>    Plaintiff,<br><br>v.<br><br>American Honda Finance Corporation, *et al.*,<br><br>    Defendants. | No. CV-25-02647-PHX-JJT<br><br>**ORDER** |

At issue is *pro se* Plaintiff's Motion to Vacate Arbitration Awards ("Motion"). (Doc. 29, Mot.) For the reasons described below, the Court will dismiss Plaintiff's Motion[1] for lack of subject matter jurisdiction.

Federal courts have limited jurisdiction over cases that involve either a controversy between citizens of different states ("diversity jurisdiction") or a question of federal law ("federal question jurisdiction"). *See* 28 U.S.C. §§ 1331, 1332. A federal court is "obligated to consider *sua sponte* whether [it has] subject matter jurisdiction" in each case and to dismiss a case when subject matter jurisdiction is lacking. *Valdez*, 372 F.3d at 1116 (internal quotations omitted); *see also* Fed. R. Civ. P. 12(h)(3).

Federal courts have federal question jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Here, Plaintiff requests that the Court vacate an arbitration award under the Federal Arbitration Act

---

[1] Plaintiff's Motion was filed after this Court granted him leave to file an amended pleading. (Doc. 28). While titled a "Motion," the Court construes it as a pleading that is governed by the pleading standards and rules. Fed. R. Civ. P. 8(e).

("FAA"), 9 U.S.C. § 10. (Mot. at 1.) A claim arising under the FAA, however, cannot establish federal question jurisdiction on its own. Rather, "parties seeking relief under the FAA [must] establish an independent jurisdictional basis for a federal court's jurisdiction." *Tesla Motors, Inc. v. Balan*, 134 F.4th 558, 560 (9th Cir. 2025) (quoting *Hall St. Assocs., L.L.C. v. Mattel, Inc*., 552 U.S. 576, 582 (2008)). Plaintiff asserts no other federal law that evokes federal question jurisdiction. Therefore, diversity jurisdiction must exist for this matter to continue before this Court.

In the case of diversity jurisdiction, a party must demonstrate that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332. Diversity jurisdiction requires complete diversity of citizenship and "is not available when any plaintiff is a citizen of the same State as any defendant." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 366 (1978). When determining whether diversity jurisdiction exists for claims arising under 9 U.S.C. § 10, a federal court may only review "the face of the [complaint] itself." *Badgerow v. Walters*, 596 U.S. 1, 9 (2022). Courts cannot "look through" the face of the complaint to jurisdictional facts of the underlying dispute from which the original arbitration award originated. *Id.* at 11–12.

Here, Plaintiff fails to state *any* facts on the face of the Motion that creates diversity jurisdiction. Nowhere does Plaintiff allege the citizenship of the parties, including himself. Plaintiff also fails to clearly state an amount in controversy that exceeds $75,000. Absent these key jurisdictional facts, the Court has no power to exercise over this matter. This defect is curable, and the Court will dismiss the Motion with leave to amend. No later than fourteen (14) days from the date of this Order, Plaintiff may file a single complaint that comports with Federal Rules of Civil Procedure 7, 8 and 10 and sets forth a short and plain statement that confer jurisdiction upon this Court.

The Court notes that Plaintiff's Motion continues to test the limits of Rules 8(a), and 10. While a marked improvement from his earlier 100-page filing (Doc. 1), the current 57-page Motion appears to frustrate Rule 8's demand for "short and plain" statements. Should

1  Plaintiff choose to file an amended complaint again, Plaintiff should number *each*
2  paragraph consecutively, state the grounds for relief in a concise fashion, and title the
3  document the "Second Amended Complaint."

4  **IT IS THEREFORE ORDERED** dismissing Plaintiff's Motion to Vacate
5  Arbitration Awards (Doc. 29).

6  **IT IS FURTHER ORDERED** granting Plaintiff leave to file a complaint, if he so
7  chooses, no later than fourteen (14) days of this Order.  The amended complaint should
8  comply with the pleading standards set forth in Federal Rules of Civil Procedure 7, 8 and
9  10, have consecutively numbered paragraphs, and be titled the "Second Amended
10 Complaint."

11 **IT IS FURTHER ORDERED** directing the Clerk of Court to close this matter
12 without further order of this Court if Plaintiff does not file a complaint no later than
13 fourteen (14) days of this Order.

14 Dated this 31st day of October, 2025.

_____
Honorable John J. Tuchi
United States District Judge