**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Oliver Complot,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>American Honda Finance Corporation, *et al.*,<br><br>　　　　　Defendants. | No. CV-25-02647-PHX-JJT<br><br>**ORDER** |

Before the Court are American Honda Finance Corporation's ("AHFC") and MRS BPO, LLC's ("MRS") respective Motions to Dismiss (Docs. 36, 42) *pro se* Plaintiff Oliver Complot's Second Amended Complaint, each of which has been fully briefed by the parties. For the reasons below, the Court will exercise its inherent authority in striking Plaintiff's Second Amended Complaint for noncompliance with the Court's order and Federal Rule of Civil Procedure 15(a) and deny both Motions as moot.

## I.    BACKGROUND

The parties have a long, turbulent history that began on February 18, 2023, when Plaintiff purchased a vehicle through financing provided by AHFC. (Doc. 35, SAC, ¶ 11.) By September 2023, the debt that Plaintiff maintained with AHFC was "charged off with a balance of $57,101.31." (*Id*. ¶ 13.) At some point, MRS, a debt collection agency that Plaintiff alleges is an agent of AHFC, purchased some or all the outstanding balance. (*Id*. ¶ 24.) And, sometime thereafter, Plaintiff initiated arbitration proceedings against AHFC

and another entity, ACVT Motors, LLC ("ACVT"). (Doc. 29, FAC, ¶ 1.) Those arbitration proceedings culminated in a final arbitration decision and award. (*Id*. ¶¶ 22–29.)

On July 8, 2025, Plaintiff sent AHFC a settlement payment "with comprehensive waiver language" that waived, *inter alia*, arbitration awards and claims against Plaintiff. (SAC ¶ 29.) Plaintiff additionally agreed to forbear bankruptcy as consideration for AHFC's acceptance of the settlement. (*Id*. ¶ 30.) AHFC cashed the check.

Plaintiff sued AHFC, MRS, and ACVT on July 28, 2025. (Doc. 1, Compl.). The Court dismissed Plaintiff's original Complaint for a myriad of pleading issues and granted him leave to file an amended complaint no later than October 21, 2025. (Doc. 28.) He did so and brought a claim arising under the Federal Arbitration Act ("FAA") against AHFC and ACVT only; no claims were brought against MRS. (*See* FAC.)

The Court subsequently dismissed the First Amended Complaint for lack of subject-matter jurisdiction and, once again, granted Plaintiff leave to amend. (Doc. 33.) In so dismissing, the Court found that Plaintiff failed to assert key jurisdictional facts like the citizenship of the parties, amount in controversy, or a federal law that supplies an independent basis[1] for jurisdiction. The Court noted that this particular defect was curable and granted Plaintiff leave to amend no later than November 14, 2025.

Plaintiff filed his Second Amended Complaint, this time bringing claims against AHFC and MRS only that included: (1) four counts of violating various sections of the Fair Debt Collection Practices Act against MRS; (2) violation of Arizona Consumer Fraud Act against MRS; (3) negligence per se against MRS; (4) violation of the Fair Credit Reporting Act against AHFC; and (5) breach of settlement contract formed through accord and satisfaction against both MRS and AHFC. Both Defendants since moved to dismiss the Second Amended Complaint. (Docs. 36, 42.)

. . .

. . .

---

[1] A claim arising under the FAA cannot establish federal question jurisdiction on its own. Rather, "parties seeking relief under the FAA must establish an independent jurisdictional basis for a federal court's jurisdiction." *Tesla Motors, Inc. v. Balan*, 134 F.4th 558, 560 (9th Cir. 2025) (citation modified).

- 2 -

## II.    LEGAL STANDARD

Rule 15 of the Federal Rules of Civil Procedure governs amendments to pleadings. Under Rule 15(a), a party may amend his pleading once as a matter of course within twenty-one days after serving it or after a pleading or motion responsive to it has been filed, whichever is earlier. Fed. R. Civ. P. 15(a). In all other cases, a party can amend his pleading only with the opposing party's written consent or leave of court. *Id*.

When dismissing pleadings, Ninth Circuit courts freely grant leave to amend a pleading when justice so requires even when a party has not requested leave. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). Leave must be granted after a pleading is dismissed "if it appears at all possible that the plaintiff can correct the defect." *Id*. (citation modified). "The rule favoring liberality in amendments to pleadings is particularly important for the *pro se* litigant." *Id*. at 1131.

"When a court grants leave to amend with a limited scope, and moving parties would like to add claims or parties not authorized by the court's leave to amend, moving parties are required to seek leave of the court to extend the scope of the leave." *Kihagi v. City of W. Hollywood*, No. CV 14-0936 PSG (JEMx), 2015 U.S. Dist. LEXIS 200612, at *3 (C.D. Cal. Aug. 6, 2015). "Courts routinely dismiss or strike newly added claims where the addition of such claims exceeds the scope of leave to amend that was previously authorized." *McDonough v. Bidwill*, No. CV-24-00764-PHX-DWL, 2025 U.S. Dist. LEXIS 184864, at *13 (D. Ariz. Aug. 21, 2025); *see also Benton v. Baker Hughes*, No. CV 12-07735 MMM (MRWx), 2013 U.S. Dist. LEXIS 94988, at *8 (C.D. Cal. June 30, 2013) (collecting cases); *Kennedy v. Full Tilt Poker*, No. CV 09-07964 MMM (AGRx), 2010 U.S. Dist. LEXIS 112119, at *3 (C.D. Cal. Oct. 12, 2010) (noting that an earlier pleading was stricken in its entirety because it added new claims and defendants in violation of Rule 15); *Serpa v. SBC Telecomms., Inc.*, No. C 03-4223 MHP, 2004 U.S. Dist. LEXIS 18307, at *10 (N.D. Cal. Sep. 7, 2004) (granting a motion to strike portions of a pleading that exceeded the scope of the leave to amend).

. . .

### III.    ANALYSIS

MRS urges the Court to dismiss Plaintiff's claims against it because "the Court was not granting Plaintiff an opportunity to revive the claims [against] MRS which were previous [sic] waived by his failure to comply with the October 21, 2025 deadline." (Doc. 36 at 7.) Plaintiff argues that his Second Amended Complaint complied with the Court's grant of leave that, according to him, contained "zero limiting language." (Doc. 43 at 1.) But the Court's Order cannot be read so broadly. In the Order, the Court analyzed the First Amended Complaint for federal question or diversity subject-matter jurisdiction and, finding no facts to support either, dismissed the pleading upon that defect. (Doc. 33 at 1–2.) The Court noted that "[t]his defect is curable," granted leave to amend, and permitted Plaintiff to "file a single complaint that comports with Federal Rules of Civil Procedure 7, 8 and 10 and sets forth a short and plain statement that confer jurisdiction upon this Court." (*Id*. at 2.) The leave was not limitless; rather, it was granted specifically for Plaintiff to amend the jurisdictional basis of his claims but not to add new claims or defendants. Here, Plaintiff clearly exceeded that leave when he added new claims that did not exist in the previous rendition of his pleadings and shoehorned MRS back into the litigation. In doing so, he evades the command of Rule 15 and the limitation of this Court's leave.

MRS requests the Court to dismiss the case against it under its inherent authority to manage the docket and to sanction Plaintiff for noncompliance with court orders. (Doc. 36 at 6–8.) MRS also briefly references Rule 41(b), which permits a party to move to dismiss claims against it if the plaintiff fails to comply with the Rules of Civil Procedure or a court order. (*See* Doc. 36 at 6.) But no matter what authority MRS cites, dismissal is a harsh sanction applied only in extreme circumstances. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992). Such a sanction may be imposed only after a court applies a five-factor test: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Anheuser-Busch, Inc. v. Nat. Beverage Distribs.*, 69 F.3d 337, 348 (9th Cir.

1995) (citation modified); *Wanderer v. Johnston*, 910 F.2d 652, 656 (9th Cir. 1990). Neither party addresses this five-factor test and the Court declines to do so on its own.

While outright dismissal as a sanction is not warranted here, Plaintiff's noncompliance with the court rules and orders cannot go unanswered. At this stage, it is appropriate that those claims exceeding the bounds of leave are stricken. *Ready Transp., Inc. v. AAR Mfg.*, 627 F.3d 402, 404 (9th Cir. 2010) ("As part of its power to manage its own affairs, a district court can use less drastic measures such as striking documents from the docket to address litigation conduct that does not warrant outright dismissal.") (citation modified); *Spurlock v. FBI*, 69 F.3d 1010, 1016 (9th Cir. 1995) ("A district court possesses inherent power over the administration of its business.").

What remains for the Court to decide is which of the claims appearing in the Second Amended Complaint exceed those bounds. In the First Amended Complaint, Plaintiff brings a FAA claim against ACVT and AHFC seeking vacatur of the final arbitration award. He also asserts the final award was "extinguished" when he offered to settle the obligations imposed by the award and AHFC accepted the offer. (FAC at 47–50.) Plaintiff's allegations regarding the post-award settlement are couched within his larger FAA claim and can only be interpreted as one of Plaintiff's many allegations for why the award must be vacated. As Plaintiff himself alleges, this "accord and satisfaction [] renders the arbitration award unenforceable." (FAC at 53; *see also* Compl. at 49).

The claims pled in the Second Amended Complaint bear no resemblance to the pleading that came before it. In fact, Plaintiff appears to abandon his FAA claim and asserts new federal and state claims against MRS and AHFC bearing new facts and legal theories. The only similarity between the two pleadings is Plaintiff's reference to the post-award "accord and satisfaction," but those allegations pled in the Second Amended Complaint form the basis for a breach of contract claim against AHFC and MRS and evokes a legal theory distinct from the one used in the First Amended Complaint. Upon close review of the claims pled in the Second Amended Complaint, each one of them exceeds the bounds of leave granted by the Court. Accordingly, the Second Amended Complaint is stricken.

This is not an outright dismissal. Rather, the Court presents Plaintiff an opportunity to conform his amended pleading to the leave granted to him. No later than fourteen (14) days from the date of this Order, Plaintiff may file an amended pleading that cures the jurisdictional defects of the First Amended Complaint, currently titled "Motion to Vacate Arbitration Awards" and docketed at entry 29. The amended pleading shall bear the name "Third Amended Complaint." The amended pleading must set forth a short and plain statement that confers jurisdiction upon this Court and shall comply with Federal Rules of Civil Procedure and the prior court orders. The Court observes that the Second Amended Complaint, while now stricken, appeared to conform to Rules 7, 8, and 10 and was a drastic improvement from the preceding pleadings in that regard, and encourages Plaintiff to continue to observe those Rules. If Plaintiff fails to file an amended pleading in the time prescribed, the Clerk of Court is directed to dismiss this matter. The pending Motions to Dismiss will be denied as moot.

**IT IS THEREFORE ORDERED** striking Plaintiff's Second Amended Complaint (Doc. 35).

**IT IS FURTHER ORDERED** that, no later than fourteen (14) days from the date of this Order, Plaintiff may file an amended pleading that cures the jurisdictional defects of the First Amended Complaint, currently titled "Motion to Vacate Arbitration Awards" and docketed at entry 29. The amended pleading shall bear the name "Third Amended Complaint." The amended pleading must set forth a short and plain statement that confers jurisdiction upon this Court and shall comply with Federal Rules of Civil Procedure and the prior court orders.

**IT IS FURTHER ORDERED** that, if Plaintiff fails to file an amended pleading in the time prescribed, the Clerk of Court is directed to dismiss this matter.

**IT IS FURTHER ORDERED** denying Defendant MRS BPO LLC's Motion to Dismiss Second Amended Complaint (Doc. 36) as moot.

. . .

. . .

- 6 -

**IT IS FURTHER ORDERED** denying Defendant American Honda Finance Corporation's Amended Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. 42) as moot.

Dated this 25th day of February, 2026.

_____
Honorable John J. Tuchi
United States District Judge