**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Oliver Complot,<br><br>Plaintiff,<br><br>v.<br><br>American Honda Finance Corporation, *et al.*,<br><br>Defendants. | No. CV-25-02647-PHX-JJT<br><br>**ORDER** |

At issue is Plaintiff Oliver Complot's Motion to Expand Scope of Leave to Amend (Doc. 48), Motion for Extension of Time to Amend (Doc. 49), Motion for Additional Leave to Supplement and Further Expand the Scope of Litigation (Doc. 59), and two sanctions motions, one directed towards Defendant American Honda Fiance [sic] Corporation and Counsel (Doc. 65) and one against Defendant Mrs. [sic] BPO LLC and Counsel (Doc. 66). Defendants American Honda Finance Corporation (AHFC) and MRS BPO LLC (MRS) oppose the motions (Docs. 50, 52, 61, 62, 67, 68) and Plaintiff replies to each (56, 58, 63, 64, 69, 71). Having considered the briefing, the Court now denies Plaintiff's motions without leave to amend and closes the action given no operative complaint remains.

## I. BACKGROUND

Once again, the Court finds itself mired in prolix and discursive filings. But how did we get here? On July 28, 2025 Plaintiff filed a Complaint to Vacate an Arbitration Award (Doc. 1) that the Court dismissed without prejudice for failing to plead facts vesting jurisdiction in this Court (Doc. 28). Plaintiff then filed a Motion to Vacate Arbitration

Awards (Doc. 29), as well as a Second Amended Complaint (Doc. 35, SAC). The Court struck his SAC, finding Plaintiff exceeded the bounds of the leave granted because his new claims bore "no resemblance to the pleading that came before it." (Doc. 47.) The Court instructed Plaintiff to refile the Motion to Vacate as a Third Amended Complaint, and therein to "set forth a short and plain statement that confers jurisdiction upon this Court . . . ." (Doc. 29.)

Plaintiff declined to follow the Court's instruction. Instead, he filed a motion seeking to expand his scope of leave (Doc. 48), a motion seeking leave within leave (Doc. 59), and two new complaints (Docs. lodged at 57, 60). For good measure, he also adds two sanctions motions. (Docs. 65, 66.) The Court now denies the crop. There shall be no leave within leave.

## II. LEGAL STANDARD

### A. Dismissal Standard

When analyzing a complaint for failure to state a claim for relief under Federal Rule of Civil Procedure 12(b)(6), the well-pled factual allegations are taken as true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). A dismissal under Rule 12(b)(6) for failure to state a claim can be based on either (1) the lack of a cognizable legal theory or (2) insufficient facts to support a cognizable legal claim. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). "While a complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint must thus contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that 'recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

**B. Amendment Standard**

A party may amend a pleading once as a matter of course within 21 days after serving it, or within 21 days of service of, among others, a Rule 12(b)(6) motion. Fed. R. Civ. P. 15(a). In all other circumstances, absent the opposing party's written consent, a party must seek leave to amend from the court. Fed. R. Civ. P. 15(a)(2). Although the decision whether to grant or deny a motion to amend is within the trial court's discretion, "Rule 15(a) declares that leave to amend shall be freely given when justice so requires." *Foman v. Davis*, 371 U.S. 178, 182 (1962) (citation and internal quotation marks omitted). "In exercising its discretion with regard to the amendment of pleadings, a court must be guided by the underlying purpose of Rule 15–to facilitate a decision on the merits rather than on the pleadings or technicalities." *Eldridge v. Block*, 832 F.2d 1132, 1135 (9th Cir. 1987) (citation and internal quotation marks omitted).

However, the policy in favor of allowing amendments has limits. Courts may impose reasonable conditions on the scope of leave. *Firchau v. Diamond Nat. Corp.*, 345 F.2d 269, 275 (9th Cir. 1965). And after responsive pleading, leave to amend is not appropriate if the "amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay." *Madeja v. Olympic Packers*, 310 F.3d 628, 636 (9th Cir. 2002) (citation and internal quotation marks omitted). Futility can, by itself, justify denial of a motion for leave to amend. *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2003).

**III. ANALYSIS**

As discussed in preceding orders, federal courts have limited jurisdiction over cases that involve either a controversy between citizens of different states ("diversity jurisdiction") or a question of federal law ("federal question jurisdiction"). *See* 28 U.S.C. §§ 1331, 1332. Federal question jurisdiction exists over civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Diversity jurisdiction exists where a party demonstrates that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332. Diversity jurisdiction requires complete diversity of

citizenship and "is not available when any plaintiff is a citizen of the same State as any defendant." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 366 (1978). Importantly, a federal court is "obligated to consider *sua sponte* whether [it has] subject matter jurisdiction" in each case and to dismiss a case when subject matter jurisdiction is lacking. *Valdez*, 372 F.3d at 1116 (internal quotations omitted); *see also* Fed. R. Civ. P. 12(h)(3). When determining whether jurisdiction exists for claims arising under 9 U.S.C. § 10, a federal court may only review "the face of the [complaint] itself." *Badgerow v. Walters*, 596 U.S. 1, 9 (2022). Courts cannot "look through" the face of the complaint to jurisdictional facts of the underlying dispute from which the arbitration award originated. *Id.* at 11–12; *Tesla Motors, Inc. v. Balan*, 134 F.4th 558, 561 (9th Cir. 2025).

Here, the Court twice directed Plaintiff to cure the jurisdictional defects beleaguering his complaints, in response to which Plaintiff thrice now has failed. In view of these repeated failures, the Court concludes Plaintiff is unable to allege the requisite jurisdictional facts.

Turning first to diversity jurisdiction, Plaintiff's filings evince an intent to abandon the diversity allegations. (Docs. 48, 59; Docs. lodged at 57, 60) In both motions for leave (Docs. 48, 59), despite the Court's clear instruction to submit a "short and plan statement that confers jurisdiction," Plaintiff omits discussion of Defendants' citizenship (and the amount-in-controversy requirement). Instead, Plaintiff focuses on federal question jurisdiction, requesting the Court permit expanded pleadings for the express purpose of adding new federal claims. (Doc. 48 ("Plaintiff requests leave to expand the scope of amendment to include claims arising from . . . new Fair Credit Reporting Act violations"); Doc. 59 ("This motion is in addition to, and does not supersede, Plaintiff's prior Motion").) The two new complaints buttress the finding, therein adding 80 new pages about the Fair Credit Reporting Act (FCRA), Fair Debt Collection Practices Act (FDCPA), and a bevy of state claims. Plaintiff mentions only once—in one complaint but not the other—that Defendant MRS's principal place of business is in New Jersey (Doc. 57), yet fails to allege the residency of Defendant's LLC members as required. *Johnson v. Columbia Props.*

*Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("[A]n LLC is a citizen of every state of which its owners/members are citizens"). Plaintiff never comments on Defendant AHFC's citizenship. Given Plaintiff's repeated inability to allege diversity jurisdiction across his three-plus complaints and several motions, the Court deems futile further amendment on the question of diversity jurisdiction.

Plaintiff's federal question allegations also fail. Seemingly aware that Federal Arbitration Act (FAA) claims do not confer federal question jurisdiction, *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 582 (2008), Plaintiff attempts to allege fresh violations of federal law. (*See, e.g.*, Doc. 48 ("FCRA Violations Creat[e] New Claims").) But Plaintiff's allegations only masquerade as new. His federal claims, relating to both the FCRA and FDCPA, were previously raised to the Arbitrator. (*See, e.g.*, Doc. 16 at 404 (Plaintiff raising FDCPA claims), at 621 (Arbitrator writing, "Claimant alleges that AHFC improperly submitted false information to the credit companies").) But as noted above, the Court is proscribed from looking through the complaint to the underlying dispute to find jurisdictional facts. Plaintiff cannot circumvent the prohibition by simply copying the facts from the underlying dispute requests into his motion to vacate. *Cf. Lapaglia v. Valve Corp.*, 2025 WL 3527053, at *6 (S.D. Cal. Dec. 9, 2025). Even if he could, Plaintiff also fails to specify where the arbitration occurred, as required under the FAA. 9 U.S.C. §§ 9–10 (venue is proper only in the "United States court in and for the district within which such award was made"). Plaintiff does not contend in any filing that the award issued in the District of Arizona. Thus, as above, Plaintiff's repeated failure to allege federal question jurisdiction across his filings leads the Court to conclude it is because Plaintiff cannot so adequately allege. Further amendment is therefore futile; no further leave shall issue.

In light of this ruling, the Motion for Extension of Time to Amend (Doc. 49) is therefore denied as moot. The Court also finds no reasonable grounds for sanctions, concurring with defense counsel's assessment that Plaintiff's merely vents opprobrium at the appearance of opposition papers. Both Motions for Sanctions are denied. (Docs. 65, 66.)

**IT IS THEREFORE ORDERED** denying Plaintiff's motions (Docs. 48, 59) for failing to comply with the Court's previous orders granting limited leave to correct jurisdictional issues (Docs. 33, 47). Because further amendments to the complaints would be futile, the motions shall be denied without further leave to amend.

**IT IS FURTHER ORDERED** denying Plaintiff's Motion for Extension of Time to Amend (Doc. 49) as moot.

**IT IS FURTHER ORDERED** denying Plaintiff's Motions for Sanctions (Docs. 65, 66) as lacking good cause.

**IT IS FURTHER ORDERED** directing the Clerk of Court to close this matter, given the absence of an operative complaint and that no further leave to amend is permitted.

Dated this 15th day of October, 2026.

Honorable John J. Tuchi
United States District Judge