**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Oliver Complot,

Plaintiff,

v.

American Honda Finance Corporation, *et al.*,

Defendants.

No. CV-25-02647-PHX-JJT

**ORDER**

At issue is *pro se* Plaintiff Oliver Complot's Motion for Reconsideration and to Alter Disposition (Doc. 73, Motion), submitted in response to the Court's omnibus denial of Plaintiff's earlier motions (Doc. 72). Plaintiff's instant Motion is brought under LRCiv 7.2(g), though he also raises Federal Rule of Civil Procedure 59(e) as the basis for alteration. Neither avail. The matter remains closed.

The Local Rule states that the "Court will ordinarily deny a motion for reconsideration of an Order absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence." LRCiv 7.2(g). Notably, the parties may not simply rehash old arguments. *Id.* ("No motion for reconsideration of an Order may repeat any oral or written argument made by the movant in support of or in opposition to the motion that resulted in the Order.").

Here, Plaintiff impermissibly rehashes old arguments, and otherwise fails to show manifest error, new facts, or new law. (*See generally* Motion.) To briefly review the procedural history, the Court already dismissed Plaintiff's initial Complaint (Doc. 1) for

failing to comply with Federal Rules 3, 8(a) and 10 (Doc. 28), dismissed Plaintiff's Motion to Vacate Arbitration (Doc. 29) for again failing to comply with Rules 8(a) and 10 and for failing to state "*any* facts on the face of the Motion that creates diversity jurisdiction" (Doc. 33) (emphasis original), and then struck Plaintiff's Second Amended Complaint (Doc. 35) for exceeding the leave granted to him by pleading against previously dismissed defendants (Doc. 47). After failing once again to correct jurisdictional issues (Docs. 48, 59), the Court finally dismissed the action with prejudice (Doc. 72).

Now Plaintiff claims the Court misunderstood its own orders (Motion at 2–3) and misconstrued the allegations (Motion at 5–13). The Court did not. Plaintiff never rehabilitated the jurisdictional defect: not by re-pleading MRS as a defendant (something the Court warned Plaintiff against) and not by asserting the defect was procedural, rather than jurisdictional (something the Court also warned Plaintiff against).

Importantly, the Court also stresses that it will not shadow-box with an AI-assistant. Whereas the Court's time is scarce, an AI-assistant's time is limitless, bounded merely by energy rates and Wi-Fi ping. Lest the parties demur, the Court knows an AI-assisted filing when it sees one. *See Eberle v. City of Phoenix, et al.*, No. CV-26-01357-PHX-JJT, 2026 WL 3167896, at *4 (D. Ariz. Oct. 22, 2026). Here, the usual giveaways appear: a startling lack of typos or grammatical errors, the intermittent and inconsistent bolding, the overuse of negative parallelism (*e.g.*, "The motions are cumulative, not competing"), the tricolon usage (*e.g.*, "Smith supports correction of recognized legal error; Garmon addresses mistaken Rule 15 futility premises; and Hinkson addresses unsupported discretionary reasoning"), and more. As ever, the AI-assistant's persistence is obstructive, leaving the Motion to read as "prolix and discursive." (Doc. 72.) The Court declines to revisit settled issues on the basis of an AI-models' whim.

Finally, Federal Rule of Civil Procure 59(e), cited in the alternative, is entirely inapplicable. The rule permits a moving party to "alter or amend a ***judgment***." Fed. R. Civ. P. 59(e) (emphasis added). No such judgment issued in this case.

. . .

**IT IS THEREFORE ORDERED** denying Plaintiff's Motion for Reconsideration and to Alter Disposition (Doc. 73). This matter remains closed.

Dated this 17th day of November, 2026.

Honorable John J. Tuchi
United States District Judge